UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| LARRY ALLEN STONE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:14-CV-211 PS |
| vs. | ) | |
| MARK LEVENHAGEN, *et al.*, | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Larry Allen Stone, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. I must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Stone alleges that two officials at Westville Correctional Facility ("Westville") failed to protect him from assaults by other inmates. He claims that he was housed at Westville between January and March 2013, and was targeted by other inmates because he is white. He claims he was beaten in January, and complained in

writing several times to Superintendent Mark Levenhagen and Assistant Superintendent Mike Scott that he was in fear for his safety and in need of protective custody. They allegedly ignored his requests for a period of months, during which time he was beaten two more times. During one of these incidents he was "jumped" by another inmate and hit in the eye with a padlock, causing him significant injuries. He claims he ultimately told the defendants he was going to "pick up a knife" and defend himself from any further attacks, and at that point he was placed in protective custody. He claims that the delay in placing him in protective custody caused him physical injuries and emotional suffering.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Nevertheless, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). By the same token, "[a] failure to protect claim may sound against even a 'high-level' official so long as the averred risk is specific to [an inmate], and not a mere general risk of violence." *Id.* at 909.

Here, taking Stone's allegations as true, he claims that he conveyed to the defendants several times that he was being targeted by other inmates, was in fear for his safety, and was in need of protective custody. He claims they ignored him for a period

of months, during which time he suffered two more assaults, including a serious beating that caused injuries to his eye. Giving Stone the inferences to which he is entitled at this stage, he has alleged enough to proceed on a deliberate indifference claim against the defendants.[1]

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Mark Levenhagen and Mike Scott in their individual capacities for monetary damages for failing to protect him from violence by other inmates;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the U.S. Marshals Service to effect service of process on Mark Levenhagen and Mike Scott pursuant to 28 U.S.C. § 1915(d); and

(4) **ORDERS** Mark Levenhagen and Mike Scott to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: August 25, 2014.        s/ Philip P. Simon
                                 Philip P. Simon, Chief Judge
                                 United States District Court

---

[1] In addition to seeking damages, Stone mentions in passing that he would "like this court to file a restraining order on my behalf" against the defendants. (DE 1 at 5.) It is not clear what type of injunctive relief he might be seeking, but he is no longer housed at Westville. (*See* DE 1 at 1, DE 4.) He does not claim, nor is there any plausible basis to infer, that he is likely to be transferred back to Westville anytime in the near future. Accordingly, he has no claim for injunctive relief against the Westville defendants. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). If this changes during the course of the litigation, he is free to renew his request for injunctive relief.